**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SAMUEL JOHNSON KANGERE | : | |
| Petitioner | : | |
| v. | : | Civil Action No. AW-09-2116 |
| SHEILA DAVENPORT, Chief Executive Officer, Clifton T. Perkins Hospital Center | : | |
| | : | |
| Respondent | ..o0o.. | |

**MEMORANDUM**

Before the court is a Petition for Writ of Habeas Corpus filed pro se by Samuel Johnson Kangere ("Kangere"), challenging his detention at the Clifton T. Perkins Hospital Center ("Perkins"). Counsel for Respondent moves to dismiss the Petition. Kangere has filed a reply. After careful review of the pleadings, exhibits, transcripts, and applicable law, the court determines an evidentiary hearing is unnecessary, and will dismiss the Petition without prejudice by separate Order.

**BACKGROUND**

Kangere was charged in 2007 with attempted kidnapping, attempting abduction of a child under 12, and attempted kidnapping of a child under 16. On June 15, 2007, the District Court of Baltimore City ordered Kangere committed to the custody of the Department of Health and Mental Hygiene and evaluated for competence to stand trial. The court held a hearing after evaluation and found Kangere dangerous and incompetent to stand trial.

The Department of Health and Mental Hygiene continues to monitor Kagnere's competence since commitment and submits semi-annual reports to the District Court. The court is required under Maryland law to conduct an annual hearing to assess competency. *See* Md. Code Ann., Crim. Proc. § 3-106(b) and (c); 3-108.

**DISCUSSION**

Kangere objects to the evaluation, asserts he is competent to stand trial, and claims that he is illegally detained at Perkins. He asks the court to order an involuntary admission hearing or order his release from Perkins.

Claims challenging involuntary commitment to mental institutions are cognizable under § 2254. *See Miller v. Blalock*, 356 F.2d 273, 274 (4th Cir.1966). Before proceeding under § 2254, a petitioner must first exhaust available state remedies. See 28 U.S.C. § 2254(b); *Matthews v. Evatt*, 105 F.3d 907, 910-911 (4th Cir. 1997). In order to exhaust remedies where a petitioner is confined in a state psychiatric facility, he must apply for release under the applicable statute and appeal the trial court's denial of the application for release to the highest state court. *See Thomas v. Saint Elizabeth's Hospital*, 720 F. Supp. 14, 15 (D.D.C 1989), aff'd. 919 F.2d 182 (D.C. Cir. 1990).

In Maryland, § 10-805 of the Health General Article allows a person committed to a psychiatric facility as incompetent to stand trial to file for habeas corpus relief at any time. Maryland law allows appeals of incompetency determinations. *See Jolley v. State*, 384 A. 2d 91, 94 (Md. 1978). Kangere does not allege that he petitioned for habeas corpus under §10-804 of the Health-General Article or appealed the court's determination that he is incompetent to stand trial and dangerous.[1] For these reasons, the Petition will be dismissed without prejudice for failure to exhaust state court remedies.



                                               Alexander Williams, Jr.
                                               United States District Judge

---

[1] The Maryland Judiciary website shows that Kangere recently filed an emergency notice of appeal under Md. Health General-Code Ann §10-708 (refusal of medication). On November 16, 2009, the Circuit Court for Baltimore City affirmed the administrative agency decision. *See Kangere v. Department of Mental Health and Hygiene*, Case No. 24C09006865.